IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA )
)
)
v. ) 1:10cr438 (LMB)
) 1:12cv439 (LMB)
)
JOSEPH ALLEN SMITH, )
)
Defendant. )

## MEMORANDUM OPINION

Before the Court is Joseph Smith's ("Smith" or "movant") pro se Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), in which he argues that he should have received the benefit at sentencing of the safety valve at § 5C1.2 of the United States Sentencing Guidelines ("U.S.S.G."). He also argues that statutory mandatory minimum sentences are unconstitutional and that his counsel provided ineffective assistance. Because Smith's Motion lacks merit on its face, no response from the Government is required, and the Motion will be summarily dismissed.[1]

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to

1



FILED
JUL 11 2012
CLERK, U.S. D...
ALEXANDR...

I. BACKGROUND

Smith was indicted on November 18, 2010 for conspiracy under 21 U.S.C. § 846 to distribute oxycodone in violation of 21 U.S.C. § 841 (Count I), distribution of oxycodone in violation of 21 U.S.C. § 841(a)(1) (Count II), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count IV). See Dkt. No. 20.[2] Smith retained defense attorneys Peter Greenspun and Amy Bradley of Greenspun, Shapiro, Davis & Leary, P.C. On January 21, 2011, Smith pled guilty without a formal plea agreement to Count I, the conspiracy count. See Dkt. No. 97 (transcript of plea hearing). The Government agreed to dismiss Count II; however, it refused to dismiss Count IV. Id.

Smith waived his right to a jury in favor of a bench trial and went to trial on the firearm charge. See Dkt. No. 85 (waiver). On January 31, 2011, after a one-day bench trial, the Court found Smith guilty as to Count IV. The firearm charge carried a five-year statutory mandatory minimum sentence that

---

notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[2] The indictment followed the October 25, 2010 filing of a criminal complaint in which Smith's wife Lois Settle Smith and son Warren Lee Smith were named as co-conspirators. Count III names Settle Smith alone.

2

had to run consecutive to any other sentence imposed in the case. See § 924(c)(1)(a)(i). On April 8, 2011, Smith was sentenced to one month of imprisonment on Count I and 60 months consecutive on Count IV, plus three years of supervised release. See Dkt. No. 151 at 24 (transcript of sentencing hearing), Dkt. No. 158 (judgment). Judgment was entered on May 12, 2011 after certain forfeiture matters were resolved.

Through counsel, Smith timely noticed an appeal of his conviction on Count IV; however, the Court of Appeals affirmed the conviction, finding that "the record discloses that the evidence was sufficient to support the finding that Smith possessed the firearm in furtherance of the drug conspiracy." United States v. Smith, No. 11-4585, slip op. at 4 (4th Cir. Dec. 8, 2011). On April 19, 2012, Smith timely filed his pro se § 2255 Motion.

## II. DISCUSSION

In his motion, Smith raises three issues: 1) that he should have had the benefit of the safety valve at sentencing and that his counsel were deficient by not arguing for its application; 2) that statutory mandatory minimum sentences are unconstitutional; and 3) that counsel were deficient when they advised Smith on a forfeiture matter, when they counseled Smith on his jury trial waiver, and when they failed to arrange a plea deal on the firearm charge.

## A. Standard of Review

A motion under 28 U.S.C. § 2255 provides for collateral attack on a conviction or sentence that was imposed in violation of the United States Constitution or laws, where the court lacked jurisdiction to impose the sentence, where the sentence was in excess of the maximum authorized, or where the sentence or conviction is otherwise subject to collateral attack. To prevail on a § 2255 motion, a movant bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967). Relief under 28 U.S.C. § 2255 is designed to correct for fundamental constitutional, jurisdictional, or other errors, and it is therefore reserved for situations in which failing to grant relief would otherwise "inherently result [] in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Moreover, a motion pursuant to § 2255 "may not do service for an appeal," and claims that were not appealed are deemed waived and, therefore, procedurally defaulted unless the movant can show cause and actual prejudice. United States v. Frady, 456 U.S. 152, 165-67 (1982).

An exception applies, however, when a defendant brings a claim of constitutionally ineffective assistance of counsel. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.

4

1991). A defendant can raise the claim of ineffective assistance of counsel in three ways: "(1) in a motion for a new trial based on anything other than newly discovered evidence; (2) on direct appeal if and only if it conclusively appears from the record that his counsel did not provide effective assistance; or (3) by a collateral challenge pursuant to 28 U.S.C. § 2255." United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998).

### B. The Safety Valve

Smith argues that he should have received the benefit of the safety valve and that his counsel provided ineffective assistance at the sentencing hearing by failing to argue that the safety valve applied. See § 2255 Mot. at 3-5. Smith's argument is based on the patently incorrect assumption that he was safety valve-eligible. With limited exceptions, courts lack discretion to sentence below a statutory mandatory minimum such as the one applicable to Count IV. One such exception is U.S.S.G. § 5C1.2, known as the safety valve. To be eligible for the safety valve, a defendant must satisfy five enumerated statutory requirements. See U.S. Sentencing Guidelines Manual § 5C1.2; accord 18 U.S.C. § 3553(f). Only if all five requirements are satisfied may a court impose a sentence below the statutory mandatory minimum. The second requirement, and the one at issue here, is that "the defendant did not use violence or credible threats of violence or possess a firearm . . . in

5

connection with the offense." See U.S.S.G. § 5C1.2(a)(2) (emphasis added).[3]

Smith does not dispute that he was found guilty of possessing a firearm in connection with the drug offense named in Count I, to which he had pled guilty. The conviction was summarily affirmed by the Court of Appeals:

> Our review of the record discloses that the evidence was sufficient to support the finding that Smith possessed the firearm in furtherance of the drug conspiracy. The evidence revealed that Smith dealt drugs from his home and that the handgun in question was found on Smith's nightstand, and thus was easily accessible. The gun was found within inches of a plastic baggie containing loose Xanax pills, which the evidence at trial showed were also sold as part of the conspiracy and in that same packaging. Further, Smith made statements to a law enforcement officer and to a jail inmate in which he acknowledged keeping the handgun for protection against drug customers who might come to the house to rob him. Smith did not legally possess the handgun, and the evidence showed that he applied for a concealed weapon permit at a time in the conspiracy when drugs were being sold from his home.

United States v. Smith, No. 11-4585, slip op. at 4 (4th Cir. Dec. 8, 2011). Therefore, it is patently clear that Smith was ineligible for the safety valve. Had his attorneys argued at sentencing for its application, not only would their argument have been rejected, it would have been disregarded as frivolous.[4] See Whitehead v. Cowan, 263 F.3d 708, 732 (7th Cir. 2001)(rejecting ineffective assistance claim against appellate

---

[3] Movant inaccurately paraphrases the statute by leaving out the "possession" prong. See § 2255 Mot. at 3.

6

counsel because "[t]hey certainly do not have to present losing arguments"). Moreover, Smith suffered no prejudice as a result of his attorneys' decision not to advance the argument given that the Court could not and would not have applied the safety valve in any event.

Because Smith's allegation relies on a misreading of the eligibility requirements under U.S.S.G. § 5C1.2(a), his attorneys committed no error in not arguing for application of the safety valve, and any claim of ineffective assistance in this regard is meritless.[5]

### C. Statutory Mandatory Minimum Sentences

Smith offers a variety of legal and policy arguments with respect to the sentencing guidelines and statutory mandatory minimum sentences, contending that statutory mandatory minimum sentences are unconstitutional under United States v. Booker, 543 U.S. 220 (2005), and that regardless of the statute, the

---

[4] Smith's attorneys continued to fight the firearm charge and five-year minimum sentence post-trial by filing a Renewed Motion for Judgment of Acquittal or in the Alternative a New Trial, in which they argued that there had been insufficient evidence introduced at trial to show Smith's firearm was possessed or used in connection with or in furtherance of the drug conspiracy. See Dkt. No. 151 at 3-7. The motion was denied after oral argument was heard at the sentencing hearing. Id.

[5] Although Smith challenges his sentence on Count IV, he received a significantly variant total sentence. The advisory guideline range for Count I was 121 to 151 months of incarceration, yet the Court imposed a term of imprisonment of one month on that count for a total sentence of 61 months on Counts I and IV.

7

Court should have based his sentence on the § 3553(a) factors. See § 2255 Mot. at 1-3, 5-9.[6] Smith maintains that it "is apparent that [§] 3553(a) controls sentencing, and a minimum sentence is in contracdiction [sic] and opens a claim that the Minimum Sentence is Unconstitutional if it is made mandatory. The structure of 924(c) if enforced unconditionally, would prevent the court from considering individual factors under 3553(a)." Id. at 7.[7]

Smith's attack on mandatory minimum sentences is meritless, and the case law he cites for the proposition that such sentences are unconstitutional under Booker holds precisely the opposite. See, e.g., United States v. Vargas, 204 F. App'x 92, 94-95 (2d Cir. Nov. 7, 2006)("[Booker] did not foreshadow the end of, or otherwise cast doubt on the constitutionality of, mandatory minimum sentences.")(citation omitted); United States

---

[6] Smith also cites to decisions holding that where the safety valve is applicable, it is mandatory. See § 2255 Mot. at 1-2 (citing United States v. Quirante, 486 F.3d 1273, 1275 (11th Cir. 2007))(requiring application of safety value where it was undisputed that defendant met the five requirements of U.S.S.G. § 5C1.2). As discussed above, because Smith was not safety valve-eligible, Quirante is inapposite. See United States v. Tanner, 544 F.3d 793, 795 (7th Cir. 2008)(stating that a judge "cannot treat as advisory the guideline provisions" enumerated at § 3553(f), which "are preconditions for safety-valve relief"); United States v. Brown, 767 F. Supp. 2d 601, 604 (E.D. Va. 2011)(same).

[7] Although these claims were not raised on direct appeal and are, therefore, subject to procedural default, their clear lack of legal merit warrants disposing of them by reference to the controlling case law.

8

v. Wilson, 352 F. App'x 790, 790-91 (4th Cir. Nov. 19, 2009)(same); United States v. Phillips, 127 F. App'x 641, 644 (4th Cir. Mar. 29, 2005) (same). Accordingly, Smith's claims as to the validity of his sentence fail.

### D. Ineffective Assistance of Counsel

Finally, Smith alleges that he received constitutionally ineffective assistance of counsel when his attorneys "provided incorrect information that" prejudiced him. See § 2255 Mot. at 9. Specifically, Smith maintains that counsel improperly advised him to allow completion of the forfeiture of his automobile; recommended that he waive his right to a jury trial on the firearm charge because "there was more opportunity with the Judge"; and failed to pursue a plea to the § 924(c) count. See § 2255 Mot. at 9-11.

To sustain a § 2255 motion based on ineffective assistance of counsel, Smith must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984), which requires a showing of both deficient performance by counsel and prejudice to the defendant. Because it "is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence" and because a wide range of legitimate defense strategies are possible in a given case, "scrutiny of counsel's performance must be highly deferential." Id. at 689. Even were counsel's performance unreasonable, to prevail on a

9

§ 2255 motion, a defendant must affirmatively "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

To the extent that Smith's claims are even cognizable on habeas review, he cannot meet either of the Strickland prongs as to any of his ineffective assistance of counsel claims. He first alleges that "[c]ounsel advised Smith not to attempt to pay for the Charger Automobile" and "instructed Smith to allow that forfeiture to [sic] completed." § 2255 Mot. at 9. As a preliminary matter, it appears no "Charger Automobile" was forfeited; however, movant may be referring to a 2010 Dodge Challenger SRT8, which was named in the indictment's forfeiture notice in connection with Count I, to which Smith pled guilty. See Dkt. No. 20 at 8. The Government had maintained that Smith and his wife were in their red 2010 Dodge Challenger SRT8 when they received $1400 cash as partial payment for 200 previously provided oxycodone 30 mg pills. See Dkt. No. ¶ 23 (Lenhart Decl.).

Criminal defendants are typically subject to forfeiture of any "property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" a drug trafficking offense in violation of 21 U.S.C. §§ 841(a)(1) and

10

846. See 21 U.S.C. § 853(a)(2). As the preliminary order of forfeiture states:

> [T]he following vehicle seized at the residence of defendants Lois Settle Smith and Joseph Allen Smith in Boston, Virginia, on October 26, 2010, shall be forfeited to the United States of America, as property used or intended to be used to facilitate the commission of a drug trafficking offense: 2010 Dodge Challenger, VIN: 2B3CJ7DW9AH104129, registered in the names of defendants Lois Ann Smith and Joseph Allen Smith . . . .

Dkt. No. 159 at 4.

Smith does not cite to any authority supporting his view that a prisoner can file a § 2255 motion to challenge forfeiture. To the contrary, such a use of § 2255 relief has been rejected because the statute, by its terms, affords relief to a "prisoner in custody" who is "claiming the right to be released." See § 2255(a); Murphy v. United States, No. 07-C-3804, 2009 WL 424490, at *6-9 (N.D. Ill. Feb. 17, 2009)(relying on a line of restitution cases to find that § 2255 does not apply to forfeiture because "[b]y its plain language, . . . relief under § 2255 is limited to issues of custody and liberty.")(citations omitted); cf. United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003)("We join a majority of circuits in holding that a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right

11

to be released from custody.")(collecting cases).

Accordingly, Smith's bare assertion of ineffective assistance of counsel as to their forfeiture advice fails.

Smith's contention that he did not knowingly and voluntarily waive his right to a jury trial is contradicted by the record. First, Smith signed a written Waiver of Trial by Jury, which read:

> I, Joseph Allen Smith . . . having been furnished a copy of the indictment against me, having been fully advised by the Court or my attorney of the nature of the charge(s) against me, and having the possible sentence or sentences resulting from such charge(s), and having further been fully advised by the Court or my attorney of my right to a trial by jury, do hereby knowingly, freely and voluntarily waive trial by jury on said charge(s) and request and consent to trial by the Court without a jury.

See Dkt. No. 85. At the January 21, 2011 plea hearing on Count I, counsel represented that he had "two signed jury waiver forms that Mr. Smith just executed, but we've gone over them in detail." Dkt. No. 97 at 3:18-3:20. Second, following the acceptance of Smith's and his wife's guilty pleas, the Court held the following colloquy with both defendants:

> THE COURT: Mr. and Mrs. Smith, did your lawyers discuss with you your right to have a jury trial on the gun counts?
> DEFENDANT LOIS SMITH: Yes, ma'am.
> DEFENDANT JOSEPH SMITH: Yes, ma'am.
> THE COURT: All right. Are you both comfortable in going forward without a jury and just having the judge hear the case?
> DEFENDANT LOIS SMITH: Yes, ma'am.
> DEFENDANT JOSEPH SMITH: Yes, ma'am.

12

> THE COURT: Has anyone pressured you into that- making that decision?
> DEFENDANT JOSEPH SMITH: No, ma'am.
> DEFENDANT LOIS SMITH: No, ma'am.
> THE COURT: And do you feel you've had enough time to discuss the waiver with your counsel?
> DEFENDANT JOSEPH SMITH: Yes, ma'am.
> DEFENDANT LOIS SMITH: Yes, ma'am.

Id. at 60:3-20.

Courts recognize that an attorney often has valid strategic reasons for recommending his client choose a bench trial. See, e.g., Steele v. United States, No. 04 Civ. 6918, 2005 WL 704868, at *11-12 (S.D.N.Y. Mar. 29, 2005)(collecting cases). Not only did Smith affirm orally and in writing that he was waiving a jury trial after consultation with counsel, he explains neither why his attorneys' advice was unreasonable nor how a jury trial would have resulted in a different outcome.

Finally, Smith argues that he "did not want a trial, rather he informed counsel that a plea would be the choice," yet his attorneys "did not pursue a plea to the § 924(c) count." § 2255 Mot. at 9, 10. This claim makes no sense. Even if Smith had pled to the gun count, his sentence would have been the same. The Government was obviously insistent on securing the five-year minimum sentence; otherwise it would have been satisfied with Smith's plea to Count I. Therefore, Smith fails to show how

13

counsel's representation was unreasonable in this respect or how he was prejudiced by counsel's conduct.[8]

None of the alleged errors in Smith's § 2255 Motion make out a proper ineffective assistance of counsel claim under either prong of Strickland.

### III. CONCLUSION

For the reasons stated above, the § 2255 Motion will be summarily dismissed. An Order consistent with this Memorandum Opinion will issue.

Entered this 11 day of July, 2012.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

[8] Smith misinterprets Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012), asserting that they provide a generalized "right to a more favorable result through plea bargaining." § 2255 Mot. at 10. He makes no assertion that any favorable plea offers lapsed or were rejected by defense counsel without his consultation or due to a misunderstanding of law.

14